# UNITED STATES DSITRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# CASE NO:

BRITTANY ZACHMAN and ALISON ALLEN, on
behalf of themselves and others similarly situated,

                Plaintiffs,               **CLASS REPRESENTATION**

v.                                     **JURY TRIAL DEMANDED**

HTLC VENTURES, INC., a Florida limited
liability company d/b/a HOLLERBACH'S
GERMAN RESTAURANT and f/k/a WILLOW
TREE CAFÉ, CHRISTINA M. HOLLERBACH,
an individual, LINDA M. HOLLERBACH, an
individual, and THEODOR R. HOLLERERBACH
a/k/a THEO HOLLERBACH, an individual,

               Defendants.

_____/

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiffs, BRITTANY ZACHMAN, (hereinafter "ZACHMAN"), and

ALISON ALLEN, (hereinafter "ALLEN"), on behalf of themselves and others

similarly situated, file this Class Action Complaint against Defendants, HTLC

VENTURES, INC., a Florida limited liability company d/b/a HOLLERBACH'S

GERMAN RESTAURANT and f/d/a WILLOW TREE CAFÉ (hereinafter

"HOLLERBACH'S"), CHRISTINA M. HOLLERBACH, an individual, LINDA M.

HOLLERBACH, an individual, and THEODOR R. HOLLERERBACH a/k/a

THEO HOLLERBACH, an individual, (collectively, "Defendants"), and state:

## INTRODUCTION

1.    This is brought as a class and collective action by the Plaintiffs, on behalf of themselves and other similarly situated servers and bartenders, against Defendants.

2.    Plaintiffs bring this action to recover unpaid minimum wages and other damages pursuant to the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution, Florida Statute §448.110 (collectively, the "FMWA"), the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, ("FLSA"), and  Fed.R.Civ.P. 23.

3.    This lawsuit seeks to recover unpaid minimum wages, recoup tips, and recover other damages from the Defendants for Plaintiffs and similarly situated servers and bartenders who worked at HOLLERBACH'S during the applicable statutes of limitations under the FLSA and FMWA.

4.    Plaintiff ZACHMAN also brings a retaliation claim, individually.

5.    Defendants violated the FLSA and FMWA by:

    a.    failing to pay the Plaintiffs and other similarly situated servers and bartenders the proper minimum wage;

    b.    misappropriating server and bartender tips to supplement the income of back-of-the-house (hereinafter "BOH") employees who were ineligible to share in an employer mandated tip pool;

    c.    failing to inform Plaintiffs and other similarly situated servers and bartenders of all the information required to take a tip credit.

> d. making payroll deductions for work uniforms to be worn at HOLLERBACH'S and/or otherwise shifting an operating expense for uniforms to servers and bartenders; and,

6. The "relevant time period," as used herein, is five years plus fifteen (15) days from the date this Complaint was filed[1] for the FMWA claims, and up to three years from the date this Complaint was filed for the FLSA claims.

7. To the extent any of the alleged violations continue after the filing of this Complaint, that time period is also included.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 1331 and 1367.

9. This Court has jurisdiction over the parties.

10. Venue is proper in the Middle District of Florida because Defendant HOLLERBACH'S is located within the City of Sanford, Seminole County, Florida, the Plaintiffs and other similarly situated employees performed work for Defendants within this judicial District, and it is the place where a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

11. At all times material, Plaintiffs ZACHMAN and ALLEN were and continue to be residents of Florida and reside within the Middle District of Florida.

---

[1] Pursuant to Fla. Stat. §448.110(6), the statute of limitations is tolled for 15 days.

3

12. While Plaintiffs dispute the constitutionality of Fla. Stat. §448.110(6), to the extent it applies, those pre-suit notice requirements have been satisfied.

13. Pursuant to Fla. Stat. §448.110(6)(a), the Plaintiffs sent to Defendants a notice letter regarding each of the Plaintiffs' claims and the Plaintiffs' intent to file this class action on behalf of similarly situated servers and bartenders. More than fifteen (15) days have elapsed since Defendants received the notice letters.

14. All conditions precedent to filing this case have been satisfied or waived.

## FLSA COVERAGE

15. During each calendar year from 2020 to the present, Defendant HOLLERBACH'S has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(r) and (s) and a covered enterprise within the meaning of the FLSA and 29 U.S.C. §203(s)(1)(A).

16. During the relevant time period, Defendants employed two or more persons, including the Plaintiffs, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

17. Such goods and materials pursuant to 29 U.S.C. §203(s)(1)(A)(i), include, but are not limited to, uniforms, smartphones, credit card machine, pens, paper, keys, condiments, food, drinks, liquor, plates, glass, and other items used for the Defendants' restaurant and bar operations.

18.  During the relevant time period, including calendar years 2020, 2021, 2022, 2023, 2024,  HOLLERBACH'S had an annual gross volume of sales made or business done of not less than $500,000.00 within the meaning of with §203(s)(1)(A)(ii).

19.  Defendant HOLLERBACH'S annual gross volume of sales made or business done is expected to be not less than $500,000.00 in 2025 forward.

## PARTIES

**PLAINTIFFS**

20. From about May 15, 2022 to about January 19, 2025, Plaintiff, ZACHMAN was employed as a server by Defendants at HOLLERBACH'S.

21.  From about February 2018 to October 11, 2022, the Plaintiff ALLEN was employed at HOLLERBACH'S.  She initially worked as a hostess. Around March 2018, she began working as a server.

22.  Plaintiffs were employees of Defendants as defined by the FMWA and FLSA, and were covered employees within the meaning of the FMWA and FLSA.

23.  Plaintiffs and similarly situated servers and bartenders were employed by Defendants within the meaning of the FLSA and FMWA.

**DEFENDANTS**

24.  Upon information and belief, since about 2001, HOLLERBACH'S has been operating as a full-service, German-themed restaurant and bar at  201 E. 1st Street, Sanford, Florida, in Seminole County.

25. HTLC VENTURES, INC. conducted business under the fictitious names WILLOW TREE CAFÉ, HOLLERBACH'S and HOLLERBACH'S GERMAN RESTAURANT.

26. During the relevant time period, Defendants have operated Hollerbach's German Market, where food preparation takes place for HOLLERBACH'S.

27. The fictitious name filing for Hollerbach's German Market indicate that Defendants CHRISTINA M. HOLLERBACH, LINDA M. HOLLERBACH, and THEO HOLLERBACH are owners of Hollerbach's German Market.

28. Some of the employees of HOLLERBACH'S prepared food at Hollerbach's German Market. HOLLERBACH'S also obtained supplies from Hollerbach's German Market for use by HOLLERBACH'S.

29. Hollerbach's German Market is located at 117 Magnolia Ave, Stanford, Florida, less than one block from HOLLERBACH'S.

30. The individual Defendants, CHRISTINA M. HOLLERBACH, THEO R. HOLLERBACH, and LINDA M. HOLLERBACH, own Hollerbach's German Market's fictitious name.

31. Hollerbach's Outfitters is located at 111 Magnolia Avenue, Sanford, Florida. Hollerbach's Outfitters supplies and sells uniforms to HOLLERBACH'S employees.

32. Upon information and belief, based on the corporate records, Defendants CHRISTINA M. HOLLERBACH and LINDA M. HOLLERBACH own Hollerbach's Outfitters.

33. Upon information and belief, based on the corporate records, Defendants CHRISTINA M. HOLLERBACH and LINDA M. HOLLERBACH own HTLC Properties, LLC which owns the real estate of the multiple locations where HOLLERBACH's conducted business.

34. During the relevant time period, Defendant CHRISTINA M. HOLLERBACH was a corporate officer and owner of HOLLERBACH'S.

35. During the relevant time period, Defendant LINDA M. HOLLERBACH was a corporate officer and owner of HOLLERBACH'S.

36. During the relevant time period, Defendant THEO R. HOLLERERBACH was a corporate officer and owner of HOLLERBACH'S.

37. During the relevant time period, Defendant CHRISTINA M. HOLLERBACH was an employer within the meaning of the FLSA, 29 U.S.C. §203(d) and the FMWA because she:

    a.  exercised operational control over HOLLERBACH'S;

    b.  was involved in the day-to-day operations of HOLLERBACH'S;

    c.  regularly supervised employees of HOLLERBACH'S, including servers and bartenders;

d.  was involved in decisions about employee compensation, compensation practices, and compensation policies;

e.  was directly or indirectly involved in tipping practices or policies that applied to Plaintiffs and other servers and bartenders; and/or

f.  had authority to hire and/or fire employees at HOLLERBACH'S, and/or determine other terms and conditions of employment.

38. During the relevant time period, Defendant LINDA M. HOLLERBACH was an employer within the meaning of the FLSA, 29 U.S.C. §203(d) and the FMWA because she:

a.  exercised operational control over HOLLERBACH'S;

b.  was involved in the day-to-day operations of HOLLERBACH'S;

c.  regularly supervised employees of HOLLERBACH'S, including servers and bartenders;

d.  was involved in decisions about employee compensation, compensation practices, and compensation policies;

e.  was directly or indirectly involved in tipping practices or policies that applied to Plaintiffs and other servers and bartenders; and/or

f.  had authority to hire and/or fire employees at HOLLERBACH'S, and/or determine other terms and conditions of employment.

39. During the relevant time period, Defendant THEO HOLLERERBACH was an employer within the meaning of the FLSA, 29 U.S.C. 203(d) and the FMWA because he:

      a. exercised operational control over HOLLERBACH'S;

      b. was involved in the day-to-day operations of HOLLERBACH'S;

      c. regularly supervised employees of HOLLERBACH'S, including servers and bartenders;

      d. was involved in decisions about employee compensation, compensation practices, and compensation policies;

      e. was directly or indirectly involved in tipping practices or policies that applied to Plaintiffs and other servers and bartenders; and/or

      f. had authority to hire and/or fire employees at HOLLERBACH'S, and/or determine other terms and conditions of employment.

40. During the relevant time period, the individual Defendants had control over the working conditions of the Plaintiffs and other similarly situated servers and bartenders, and over the unlawful wage policies or practices alleged herein.

41. During the relevant time period, the individual Defendants were employers of the Plaintiffs and other similarly situated servers and bartenders at HOLLERBACH'S.

42. During the relevant time period, Defendant, CHRISTINA M. HOLLERBACH was a corporate officer, manager and C.E.O. of at HOLLERBACH'S.

43. During the relevant time period, Defendant, LINDA M. HOLLERBACH was President and a manager of HOLLERBACH'S.

44. During the relevant time period, Defendant, THEO HOLLERERBACH was a corporate officer and manager at HOLLERBACH'S.

## FMWA REQUIREMENTS

45. The Florida minimum wage rates and Florida tip credit minimum wage rates for employers meeting the tip credit eligibility requirements during the relevant time period were:

| Date | Florida Minimum Wage | Florida Tip Credit Minimum Wage |
|---|---|---|
| 2020 | $8.56 | $5.54 |
| 1/1/2021-9/29/2021 | $8.65 | $5.63 |
| 9/30/2021- 9/29/2022 | $10.00 | $6.98 |
| 9/30/2022- 9/29/2023 | $11.00 | $7.98 |
| 9/30/2023- 9/29/2024 | $12.00 | $8.98 |
| 9/30/2024- 9/29/2025 | $13.00 | $9.98 |

46. Fla. Const. Art. X §24(c) states: "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida."

47. Pursuant to Fla. Const. Art. X §24(c) the maximum tip credit a Florida employer can take is $3.02 below the full Florida minimum wage for "tipped Employees meeting eligibility requirements for the tip credit under the FLSA" Fla. Const. Art. X, §24(c).

48. Fla. Const. Art. X, §24(f) states that "case law, administrative interpretations, and other guiding standards developed under the federal FLSA

shall guide the construction of this amendment and any implementing statutes or regulations."

49. Pursuant to Fla. Const. Art. X, §24(e), an employee who prevails on a violation of the FMWA "shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs. In addition, they shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, reinstatement in employment and/or injunctive relief." *See also* Fla. Stat. §448.110(c)1, (c)2. (providing for unpaid wages, liquidated damages, and "such legal and equitable relief  as may be appropriate to remedy the violation . . . ." ).

50. The FMWA applies to tipped employees in Florida.

### FLSA TIP CREDIT ELIGIBLITY REQUIREMENTS

51. During the relevant time period, the federal minimum wage has been $7.25 per hour.

52. Under the FLSA, 29 U.S.C. §203(m), an employer may use a portion of its tipped employees' earned tips to meet its minimum wage obligations (*i.e.*, take a tip credit) if the employer satisfies the following requirements: (1) the employer must inform such employee of the requirements for a tip credit as required by §203(m); and, (2) the employee is permitted to retain all tips the employee receives with the exception of a valid tip pool "among employees who customarily and

regularly receive tips." 29 U.S.C. §203(m); *see also* Fla. Const. Art. X, §24(c) (adopting the FLSA's tip credit requirements).

53. The FLSA 29 U.S.C. §203(m) and 29 C.F.R. §531.59 require employers to provide all the following information to tipped employees in advance of taking a tip credit:

a. The amount of the cash wage that is to be paid to the tipped employee by the employer;

b. the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;

c. that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and,

d. that the tip credit shall not apply to any employee who has not been informed of the requirements in this section [203(m)].

54. Under the FLSA's tip credit requirements, which are incorporated into the FMWA, employers are not prohibited from having a tip pool that includes employees who "customarily and regularly receive tips." 29 U.S.C. §203(m)(2)(A).

55. "An employer may not keep tips received by its employees *for any purpose* . . . regardless of whether or not the employer takes a tip credit." 29 U.S.C. §203(m)(2)(B) (emphasis added).

56. "Any employer who violates the [minimum wage] provisions of section . . . 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

57. Any employer who violates section §203(m)(2)(B) . . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

## FACTUAL ALLEGATION OF VIOLATIONS

58. During the Plaintiffs' employment and during the employment of other similarly situated servers and bartenders, Defendant HOLLERBACH'S claimed a "tip credit" for the Plaintiffs and other similarly situated servers and bartenders, and paid these servers and bartenders a subminimum minimum wage for their work hours in those positions.

59. During the relevant time period, HOLLERBACH'S employed front-of-the-house (hereinafter "FOH") employees such as servers, bartenders, bussers and food runners.

60. During the relevant time period, servers and bartenders at HOLLERBACH'S sold food and drinks to its customers.

61. During the relevant time period, servers and bartenders at HOLLERBACH'S received tips from customers of the restaurant.

62. During the relevant time period, HOLLERBACH'S employed BOH employees in kitchen staff roles such as cooks, dishwashers, and prep staff.

63. During the relevant time period, HOLLERBACH'S also employed "expos." Expos were responsible for making sure the food was plated correctly and appropriately garnished. Expos were required to stay in the expo area in the kitchen, and would be counseled and disciplined if they left the expo area.

64. During the relevant time period, HOLLERBACH'S also employed "service bartenders." These service bartenders were BOH employees who were responsible for preparing drinks for severs and bartenders to serve to customers.

65. HOLLERBACH'S Employee Handbook dated 2023-2024 defines BOH employees at HOLLERBACH'S as including "Kitchen Staff= Line Cooks, Kitchen-Dishwashers, Prep, Bakery."

66. During the relevant time period, the expo position at HOLLERBACH'S was a BOH position.

67. During the relevant time period, expos at HOLLERBACH'S were not employed in an occupation that "customarily and regularly receives tips" within the meaning of the FLSA or FMWA.

68. During the relevant time period, HOLLERBACH'S kitchen staff, line cooks, kitchen dishwashers, prep were employed in BOH positions.

69. Kitchen staff, line cooks, kitchen dishwashers, prep at HOLLERBACH'S are not employed in occupations that "customarily and regularly receives tips" within the meaning of the FLSA or FMWA.

70. Servers and bartenders at HOLLERBACH'S were required to participate in an employer-operated, mandatory tip pool.

71. In 2020, Defendants required servers and bartenders to contribute tips to a tip pool in an amount equivalent to 3% of server and bartender sales.

72. Starting in or around January 6, 2025, Defendants required servers and bartenders to contribute tips to the tip pool in an amount equivalent to 5% of server and bartender sales.

73. Starting around 2020, HOLLERBACH'S distributed a portion of server and bartender tips in the mandatory tip pool to BOH employees such as kitchen staff, line cooks, prep staff or otherwise distributed tips to ineligible employees.

74. Since at least around 2020, HOLLERBACH'S has distributed a portion of the server and bartender tips in the mandatory tip pool to employees in the position of expo or expeditor.

75. HOLLERBACH'S kept employee tips by requiring servers and bartenders to contribute to a mandatory tip pool that redistributed tips to BOH employees who were ineligible to receive those tips.

76. BOH employees at HOLLERBACH'S are ineligible to receive tips from the employer operated and mandated tip pool because they are not in an occupation that "customarily and regularly receives tips."

77. HOLLERBACH'S misappropriated server and bartender tips by sharing those tips with ineligible BOH employees.

78. HOLLERBACH'S used the invalid tip pool to supplement the income of BOH employees without increasing HOLLERBACH'S payroll costs.

79. During the relevant time period, through the operation of a mandatory tip pool, Defendants did not allow the Plaintiffs and others similarly situated servers and bartenders to retain all their tips or share them only with employees eligible to share in tips.

80. During the relevant time period, Defendants' failure to permit the Plaintiffs whom they employed, and other similarly situated servers and bartenders, to retain all tips received, invalidates the "tip credit" for Plaintiffs, and other similarly situated servers and bartenders.

81. During the relevant time period, Defendants failed to inform the Plaintiffs and other similarly situated servers and bartenders of the legally required tip credit information in advance of taking a "tip credit" and paying a subminimum wage.

82. Since Defendants were ineligible to claim a "tip credit," they were required to compensate Plaintiffs whom they employed, and other similarly

situated servers and bartenders, with at least the full Florida minimum wage for all hours worked, less amounts already paid in wages.

## WILLFULNESS

83. Defendants' failure to comply with the requirements of the FLSA and FMWA was willful because, among other things:

   a. Numerous employees, including but not limited to Plaintiff ZACHMAN, complained about the inclusion of kitchen staff in the tip pool, but Defendants failed to properly investigate the law despite those complaints;

   b. Defendants mispresented to employees that kitchen staff were legally permitted to share in server tips;

   c. Defendant CHRISTINA M. HOLLERBACH informed employees of the wrong Florida minimum wage and wrongly stated that HOLLERBACH did not take a tip credit;

   d. Defendants used employee tips to shift the cost of doing business onto servers and bartenders by using their tips to supplement the income of employees ineligible to receive server and bartender tips.

## RULE 23 CLASS ALLEGATIONS

84. Claims for violations of the FMWA may be brought as a class action pursuant to Fed.R.Cvi.P. 23.

85.  Pursuant to Rule 23, the Plaintiffs seek to bring this case as a class action on behalf of themselves individually, and all similarly situated servers and bartenders employed by Defendants during the five (5) year plus fifteen (15) days FMWA statute of limitations period.

86.  The Plaintiffs bring this case as a class action against Defendants pursuant to Fed.R.Civ.P. 23(a) and (b)(3) on behalf of themselves and a Class consisting of:

**All hourly-paid servers and bartenders who were paid a subminimum wage while employed at HTLC VENTURES, INC., d/b/a HOLLERBACH'S GERMAN RESTAURANT and f/k/a WILLOW TREE CAFÉ at any time during the statute of limitations period.**

87.  The definition of the Class as set forth above is subject to amendment upon completion of discovery.

88.  <u>Numerosity</u>:  The Class is so numerous as to make joinder impractical and judicially inefficient.  The exact number of similarly situated employees can be determined by reviewing Defendant HOLLERBACH'S records.  Upon information and belief, since 2020, HOLLERBACH'S has employed approximately sixty (60) servers at any one time.  However, the actual number of total servers and bartenders employed  during the statute of limitations period is higher as some servers and bartenders are employed for different durations.

89.  Many of these affected workers, having identical claims to the Plaintiffs, are former employees.

90. <u>Commonality</u>:  Plaintiffs' claims involve questions of law and fact common each member of the Class.

91. Plaintiffs and other servers and bartenders were subject to Defendants' company-wide pay policy or practice of keeping a portion of the tips by operating a tip pool that included BOH employees who were not in an occupation that customarily and regularly receive tips.  Such tip retention and redistribution to ineligible employees was unlawful and rendered invalid the "tip credit" Defendants took against Plaintiffs' and other servers and bartenders' wages.

92. Defendants also failed to provide all the required information about the tip credit to the Plaintiffs and other similarly situated servers and bartenders who were paid a subminimum wage.

93. Common questions of law and fact exist as to all members of the proposed Class, including but not limited to:

a. Whether Defendants paid their servers a subminimum wage under the FMWA.

b. Whether the Defendants had an unlawful policy or practice of keeping employee tips through an employer operated tip pool and then redistributing the tips to employees who were ineligible to receive tips.

c. Whether the Defendants paid the Plaintiffs and the Class minimum wages required by law.

d. Whether Defendants unlawfully required employees to pay uniform expenses by making deductions from employee payroll or otherwise required employees to pay for HOLLERBACH'S uniforms.

e. Whether Defendants were prohibited from taking a tip credit against the Florida minimum wage because Defendants failed to provide the required tip credit notice to the Plaintiffs and other similarly situated servers and bartenders.

f. Whether Defendants' alleged unlawful conduct was willful.

g. Whether any defenses Defendants may raise are valid defenses to the alleged wage violations.

h. Whether the Plaintiffs and the Class have sustained damages for unpaid minimum wages and, if so, the proper measure thereof.

i. Whether the Plaintiffs and the Class are entitled to liquidated damages and, if so, the proper measure thereof.

j. Whether the Plaintiffs and the Class are entitled to recoupment of their tips unlawfully retained or improperly distributed to ineligible employees and, if so, the amount thereof.

k. Whether the individual Defendants are employers liable for any FMWA violations.

94. The relief sought by the Plaintiffs and the Class is common to the entire Class, such as:

    a. Payment by the Defendants of actual damages caused by Defendant's failure to pay the minimum wages pursuant to the FMWA.

    b. Payment by the Defendants of liquidated damages;

    c. Recoupment of tips unlawfully kept by Defendants through the unlawful tip pool that redistributed tips to ineligible employees;

    d. Recoupment of unlawful uniform expenses; and,

    e. Payment by the Defendants of attorneys' fees, costs, and expenses of the action.

95. <u>Typicality</u>: The Plaintiffs' claims are typical of the claims of the members of the Class because:

    a. Plaintiffs' claims and those of the proposed Class arise from a company-wide, uniform policy or practice of servers and bartenders being paid less than the then-applicable Florida minimum wage during the statute of limitations.

    b. Plaintiffs and the proposed Class were similarly subject to HOLLERBACH'S company-wide policy/practice of operating an

unlawful tip pool that required servers and bartenders to fund, and which redistributed tips to ineligible BOH employees who were not in an occupation that customarily and regularly receives tip.

c. Plaintiffs and the proposed Class were similarly not informed of the information required for HOLLERBACH'S to take a tip credit.

d. Plaintiffs' claims and those of the proposed Class arise from a company-wide policy of deducting from server and bartender paychecks the cost of unforms for work at HOLLERBACH'S, or otherwise requiring such employees to pay for uniform expenses.

96. <u>Adequacy</u>: The Plaintiffs will fairly and adequately protect the interests of the Class. The Plaintiffs have no relationship with Defendants except for a former employment relationship.  The Plaintiffs will vigorously pursue the claims of the Class.  The Plaintiffs have no adverse interest to the proposed absent Class Members because they assert the same claims under the same provisions of the FMWA and seek the same relief as would the absent class members if each were to bring a similar action individually.

97.  The Plaintiffs have retained counsel competent and experienced in class actions and wage and hour law, and Plaintiffs' counsel have no conflict of interest with other Class members in the maintenance of this class action.

98. The Plaintiffs know of no difficulty in managing the litigation that would preclude class maintenance.

99. Superiority: A Class representation is superior to other available methods for the fair and efficient adjudication of this controversy for a number of reasons, including but not limited to, the following:

a. The case challenges the policies/practices of an employer with a number of employees; and, many employees, especially ones who are currently employed, may be reluctant to bring claims individually for fear of retaliation;

b. Some class members may have only worked for Defendants for a short period of time and their individual damages would not be substantial enough to be worth the effort, expense, and burden of bringing individual claims;

c. Class members do not have the resources to bring their claims individually;

d. Individual claims would create a risk of inconsistent judgments.

e. It would be inefficient to use scarce judicial resources to require each employee affected by the company-wide policies/practices challenged herein to bring his or her individual claim.

f.  No difficulties are likely in managing the class action which would preclude its maintenance, especially since the identity of class members, their rates of pay, and amount of tips deducted is accessible through Defendants' pay and other records;

g.  No superior alternative exists to fairly and efficiently adjudicate this dispute.

100. <u>Predominance</u>.  Questions of law or fact common to the claims of the representative Plaintiffs and the claims of each class member predominate over any questions of law or fact affecting only individual members of the class. Moreover, since the Defendants' alleged unlawful acts were the same and committed in Florida—the FMWA is applicable to all class members.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to the Plaintiffs as well as all members of the proposed class.

101. The Plaintiffs and the Class have sustained the same type of damages for hours worked, tips unlawfully retained/redistributed, and uniform deductions during the statute of limitations period as a result of Defendants' conduct, in violation of the FMWA.

102. Damages may be calculated from the payroll records, sales records, and other records maintained by Defendants to the extent that they are accurate, and

from testimony, so that the cost of administering a recovery for the Class can be minimized.

## FLSA COLLECTIVE ACTION ALLEGATIONS

103. Plaintiffs have a reasonable basis to believe there are other current and former servers and bartenders who desire to opt-in to the proposed collective action because the unlawfully pay practices/policies applied to other servers and bartenders and they have heard other servers and bartenders voice objection to such pay practices/policies.

104. Other servers and bartenders at HOLLERBACH'S are similarly situated with respect to their job requirements and pay provisions because servers and bartenders are both tipped employees paid a subminimum wage who were subjected to HOLLERBACH'S same company-wide policies/practices of being required to contribute to the subject tip pool that included BOH employees, being required to pay for company uniforms, and were not informed of the all the information required by 203(m). Moreover, the servers and bartenders all worked at the same location and allege the same FLSA pay practices.

105. The proposed collective action under 29 U.S.C. 216(b) is defined as:

**All hourly-paid servers and bartenders who were paid a subminimum wage while employed at HTLC VENTURES, INC., d/b/a HOLLERBACH'S GERMAN RESTAURANT and f/k/a WILLOW TREE CAFÉ at any time during the statute of limitations period.**

## COUNT I

### FLSA COLLECTIVE ACTION

### VIOLATION OF FLSA, 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2)

### IMPROPER TIP POOL AND UNLAWFUL UNIFORM DEDUCTIONS

106.  Plaintiff and the class reallege paragraphs 1 though 44, 51 to 83, and 103 to 105 as if fully set forth herein.

107.  Prior to about September 30, 2022, Defendants paid Plaintiffs and other similarly situated servers and bartenders below the federal minimum wage of $7.25.

108.  Defendants also made payroll deductions in some workweeks from Plaintiffs' and other server and bartenders' paychecks and/or otherwise charged them for work uniforms, causing their wages to fall below the federal statutory minimum.

109.  Plaintiffs and the class were entitled to be paid the applicable full federal minimum wage for each hour worked during their employment with Defendants.

110.  The FLSA, 29 U.S.C. §203(m) requires Plaintiffs and other similarly situated servers and bartenders who were paid a subminimum wage to be allowed to retain all tips received by them except for a tip pooling arrangement  that is limited to employees who "customarily and regularly receive tips.

111.  Defendants implemented and required an invalid tip pool at HOLLERBACH'S by requiring  tipped servers and bartenders to relinquish a

percentage of their tips to management who then distributed the tip pool to BOH employees, in contravention of §203(m).

112. Through the invalid, mandatory tip pool, Defendants improperly kept server and bartender tips by taking tips from tipped servers and bartenders and unlawfully redistributing them to nontipped employees.

113. The unlawful sharing of tips through the tip pool invalidates any tip credit taken by HOLLERBACH'S.

114. Tipped servers and bartenders are entitled to recover from Defendants the tips the servers and bartenders were unlawfully forced to contribute to HOLLERBACH'S invalid tip pool plus equal amount as liquidated damages pursuant to §§ 203(m)(2)(B) and 216(b).

115. Defendants are also liable to servers and bartenders under §§ 203(m), 203(m)(2)(B), 206, 215(a)(2), and 216(b) for any amount of tip credit taken by HOLLERBACH'S and an equal amount of liquidated damages.

116. Defendants' violations were willful.

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated servers and bartenders, respectfully request the Court enter judgment against Defendants and grant the following relief:

    a. certifying this FLSA claim as a collective action under 29 U.S.C. §216(b);

b.  designating the Named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

c.  finding Defendants violated the FLSA;

d.  finding Defendants liable for tips unlawfully taken and unlawfully distributed to ineligible employees through the employer mandated tip pool;

e.  finding Defendants liable for any unpaid minimum wages for the period Plaintiffs and the class were paid below the federal minimum wage;

f.  awarding an equal amount in liquidated damages;

g.  awarding pre-judgment interest if the Court declines to award liquidated damages;

h.  awarding reasonable attorneys' fees and costs; and,

i.  awarding such other relief as the Court deems just.

## COUNT II

### FLSA COLLECTIVE ACTION

### VIOLATION OF FLSA, 29 U.S.C. §§ 206 and 215(a)(2)

### FAILURE TO PROVIDE NOTICE OF TIP CREDIT

117.  Plaintiff and the class reallege paragraphs 1 though 44, 51 to 61, 81 to 83, and 103 to 105 as if fully set forth herein.

118. Prior to about September 30, 2022, Defendants paid Plaintiffs and other similarly situated servers and bartenders below the Federal minimum wage of $7.25.

119. During the relevant time period, Defendants made payroll deductions in some workweeks from Plaintiffs' and other server and bartenders' paychecks and/or otherwise charged them for work uniforms, causing their wages to fall below the statutory minimum.

120. Defendants failed to provide all the information required by 29 U.S.C §203(m) in advance of taking a tip credit and paying Plaintiffs and other similarly situated servers and bartenders below the federal minimum wage.

121. Because Defendants failed to provide the required tip credit information, they were not entitled to pay Plaintiffs and other servers and bartenders below the federal minimum wage.

122. Plaintiffs and the class are entitled to be paid the applicable full federal minimum wage for each hour worked during their employment with Defendants.

123. Defendants are liable to servers and bartenders under §§ 203(m), 206, 215(a)(2), and 216(b) for any amount of tip credit taken by HOLLERBACH'S and an equal amount of liquidated damages.

124. Defendants' conduct was willful.

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated

servers and bartenders, respectfully request the Court enter judgment against Defendants and granting the following relief:

    a.  certifying this FLSA claim as a collective action under 29 U.S.C. §216(b);

    b.  finding Defendants violated the FLSA;

    c.  designating the Named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

    d.  finding Defendants liable for any unpaid minimum wages for the period Plaintiffs and the class were paid below the federal minimum wage;

    e.  awarding an equal amount in liquidated damages;

    f.  awarding pre-judgment interest if the Court declines to award liquidated damages;

    g.  awarding reasonable attorneys' fees and costs; and,

    h.  awarding such other relief as the Court deems just.

## COUNT III

### FMWA CLASS CLAIM

### FMWA VIOLATION – FLA. CONST. ART. X, §24 AND FLA. STAT. §448.110

### IMPROPER TIP POOL AND UNLAWFUL UNIFORM DEDUCTIONS

125. Plaintiffs and the class reallege paragraphs 1 though 102 as if fully set forth herein.

126. Defendants paid Plaintiffs and other similarly situated servers and bartenders below the Florida minimum wage during their employment.

127. Plaintiffs and other similarly situated servers and bartenders were entitled to be paid the applicable full Florida minimum wage for each hour worked during their employment with Defendants because Defendants failed to follow all the requirements for taking a tip credit under the FMWA.

128. The FMWA, through its adoption of the tip credit requirements of the FLSA, requires Plaintiffs and other similarly situated servers and bartenders be allowed to retain all tips received by them except for a tip pooling arrangement that is limited to employees who customarily and regularly receive tips.

129. Defendants required and operated an invalid tip pool at HOLLERBACH'S by requiring tipped servers and bartenders to relinquish a percentage of their tips to management who then distributed the tip pool to BOH employees ineligible to share in tips.

130. Through the invalid, mandatory tip pool, Defendants improperly kept server and bartender tips by taking tips from tipped servers and bartenders paid a subminimum wage, and unlawfully redistributed them to BOH employees.

131. The illegal redistribution of tips through the tip pool invalidates any tip credit taken by HOLLERBACH'S.

132.  Plaintiffs and other similarly situated servers and bartenders are entitled to recover wages in the amount of the tips credit taken by HOLLERBACH'S, all unlawfully distributed tips to ineligible BOH employees, and an equal amount of liquidated damages.

133. Defendants' conduct was willful.

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated servers and bartenders, respectfully request the Court enter judgment in favor of Plaintiffs and against Defendants and granting the following relief:

  a.  certifying this FMWA claim as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(3);

  b.  designating the Named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

  c.  finding Defendants violated the FMWA;

  d.  finding Defendants liable for tips taken and unlawfully distributed to in eligible BOH employees through the employer mandated tip pool;

  e.  finding Defendants liable for any unpaid Florida minimum wages;

  f.  awarding an equal amount in liquidated damages;

  g.  awarding pre-judgment interest if the Court declines to award liquidated damages;

  h.  awarding post-judgment intertest;

i.   awarding reasonable attorneys' fees and costs; and,

j.   awarding such other relief as the Court deems just.

## COUNT IV

### FMWA CLASS CLAIM

### FMWA VIOLATION – FLA. CONST. ART. X, §24 AND FLA. STAT. §448.110

### INADEQUATE TIP CREDIT NOTICE

134. Plaintiffs and the Class reallege paragraphs 1 to 61 and 81 to 102, as if fully set forth herein.

135. During the relevant time period, Defendants took a tip credit and paid servers and bartenders a subminimum wage that was below the Florida minimum wage.

136. Defendants made payroll deductions in some workweeks from Plaintiffs' and other server and bartenders' paychecks and/or otherwise charged them for work uniforms, causing their wages to fall below the statutory minimum.

137. Defendants failed to provide all the information required by the FMWA, which incorporates the FLSA's tip credit requirements, in advance of taking a tip credit and paying Plaintiffs and other similarly situated servers and bartenders below the federal minimum wage.

138.  Because Defendants failed to provide the required tip credit information, they were not entitled to pay Plaintiffs and the class below the full Florida minimum wage.

139.  Plaintiffs and the class are entitled to be paid the applicable full Florida minimum wage for each hour worked during their employment with Defendants.

140.  Defendants are liable to servers and bartenders under the FMWA for any amount of tip credit taken by HOLLERBACH'S and an equal amount of liquidated damages.

141.  Defendants' conduct was willful.

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated servers and bartenders, respectfully request the Court enter judgment against Defendants and grant the following relief:

a.  certifying this FMWA claim as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(3);

b.  designating the Named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

c.  finding Defendants violated the FMWA;

d.  finding Defendants liable for any unpaid minimum wages for the period Plaintiffs and the class were paid below the Florida minimum wage;

e.   awarding an equal amount in liquidated damages;

f.   awarding pre-judgment interest if the Court declines to award liquidated damages;

g.   awarding post-judgment intertest;

h.   awarding reasonable attorneys' fees and costs; and,

i.   awarding such other relief as the Court deems just.

## COUNT V

### RETALIATION IN VIOLATION OF
### FLSA, 29 U.S.C. § 215(a)(3) AND THE FMWA

### ON BEHALF OF PLAINTIFF ZACHMAN, INDIVIDUALLY

142.  Plaintiff, ZACHMAN, realleges Paragraphs 1 through 83 as if fully stated herein.

143.  Plaintiff, ZACHMAN engaged in statutorily protected activity under the FLSA and FMWA when she complained on or about Saturday, January 18, 2025 to manager Christy Chiarenza about having the kitchen staff share in her tips.

144.  Plaintiff, ZACHMAN complained and objected at other times about the tip distribution to kitchen workers.

145.  After another server complained about the tip out to the kitchen, Patrick Story responded that if they kept complaining about the tip out, we [*i.e.* HOLLERBACH'S] would fire them and put QR codes on the table.

146. Patrick Story is the executive chef at HOLLERBACH'S and manages the kitchen.

147. Pursuant to 29 U.S.C. § 215(a)(3) and Fla. Stat. §448.110(5), Plaintiff, ZACHMAN was entitled to engage in FLSA and FMWA protected activities and assert FLSA and FMWA rights without retaliation.

148. On January 21, 2025, Plaintiff ZACHMAN was notified she was terminated form HOLLERBACH'S.

149. The paperwork for ZACHMAN's termination is dated January 18, 2025, but that date is crossed out, and has a January 19, 2025 date instead, which is one day after she complained about the illegal tip out to the BOH.

150. ZACHMAN'S termination was an adverse employment action.

151. Plaintiff ZACHMAN'S termination was in retaliation for complaining about Defendants' tip policies and practices involving BOH employees.

152. Plaintiff ZACHMAN's termination could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

153. A causal link exists between the Defendants' decision to terminate ZACHMAN, and the Plaintiff, ZACHMAN engaging in FLSA protected activity.

154. The close temporal proximity between the complaint and the termination is evidence of causation.

155. Plaintiff ZACHMAN suffered damages as a result of the retaliatory termination, including but not limited to emotional distress and lost wages.

156. Defendants' actions were not for a legitimate, non-retaliatory reason.

WHEREFORE, Plaintiff ZACHMAN respectfully requests that judgment be entered in her favor against the Defendants pursuant to Fla. Const. Art. X, §24, Fla. Stat. §448.110, and/or the FLSA, 29 U.S.C. §§215(a)(3), and 216(b):

    a.  declaring that Defendants retaliated against Plaintiff, ZACHMAN, for asserting and engaging in FLSA and FMWA protected conduct;

    b.  declaring that Defendants violated 29 U.S.C. § 215(a)(3), Fla. Const. Art. X, §24, and Fla. Stat. §448.110(5);

    c.  awarding Plaintiff, ZACHMAN, back pay and front pay, respectively, in amount calculated;

    d.  awarding Plaintiff ZACHMAN liquidated damages in the amount calculated;

    e.  awarding Plaintiff ZACHMAN post-judgment interest;

    f.  awarding pre-judgment interest if the Court declines to award liquidated damages;

    g.  awarding Plaintiff ZACHMAN compensatory damages for emotional pain, suffering, and humiliation;

    h.  awarding Plaintiff ZACHMAN reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b), Fla. Const. Art. X, §24, and Fla. Stat. §448.110(6)(c);

i.  ordering reinstatement, and injunctive relief preventing Defendants

from discriminating in the manner described above; and,

j.  ordering any other and further relief this Court deems to be just.

## JURY DEMAND

The Plaintiffs individually and on behalf of the Class demand trial by jury as

to all claims so triable.

Respectfully submitted,

/s/ Samara Robbins Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248
BOBER & BOBER, P.A.
2699 Stirling Road, Suite A-304
Hollywood, Florida  33312
Telephone: (954) 922-2298
peter@boberlaw.com
samara@boberlaw.com
*Attorneys for Plaintiffs*