# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRITTANY ZACHMAN and ALISON ALLEN, on behalf of themselves and others similarly situated**

      **Plaintiffs,**

**v.**

**HTLC VENTURES, INC., a Florida corporation d/b/a HOLLERBACH'S GERMAN RESTAURANT and f/k/a WILLOW TREE CAFÉ, CHRISTINA M. HOLLERBACH, an individual, LINDA M. HOLLERBACH, an individual, and THEODOR R. HOLLERBACH a/k/a THEO HOLLERBACH, an individual,**

      **Defendants.**

_____/

**CASE NO.: 6:25-cv-00275-JSS-DCI**

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT FOR DAMAGES

Defendants, HTLC VENTURES, INC., a Florida corporation, CHRISTINA M. HOLLERBACH, LINDA M. HOLLERBACH, and THEODOR R. HOLLERBACH (collectively, "Defendants"), by and through the undersigned counsel, and hereby files this Answer and Affirmative Defenses to Class Action Complaint for Damages, as follows:

## INTRODUCTION

1.   Denied.

2.   Denied.

3.   Denied.

4.   Defendants admit that Plaintiff, ZACHMAN, also purport to allege a retaliation claim. Defendants deny any allegations, either express or implied that Plaintiff, ZACHMAN, is entitled to any of the relief that she seeks.

5.   Denied.

   a. Denied;

   b. Denied;

   c. Denied; and

   d. Denied.

6.   Denied.

7.   Denied.

8.   Defendants admit that this Court has subject matter jurisdiction. Defendants deny any allegations, either express or implied that Plaintiffs are entitled to any of the relief that they seek.

9.   Defendants admit that this Court has jurisdiction over the parties. Defendants deny any allegations, either express or implied that Plaintiffs are entitled to any of the relief that they seek.

10.     Defendants admit that venue is proper in this Court. Defendants deny any allegations, either express or implied that Plaintiffs are entitled to any of the relief that they seek.

11.     Without knowledge and therefore denied.

12.     Denied.

13.     It is admitted that Plaintiffs sent to Defendants a notice letter. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

14.     Denied.

## FLSA COVERAGE

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

## PARTIES

20.     It is admitted Zachman was employed by HOLLERBACH'S during the general dates alleged.  The rest and remainder of the allegations of this paragraph of the Complaint are denied.

21. It is admitted ALLEN was employed by HOLLERBACH'S during the general dates alleged. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted.

26. It is admitted that Defendants have operated Hollerbach's German Market. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

27. The fictious name filing speaks for itself. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

28. Denied.

29. Admitted.

30. The fictious name filing speaks for itself. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

31. It is admitted that Hollerbach's Outfitters is located at 111 Magnolia Avenue, Sanford, Florida. It is admitted that Hollerbach's Outfitters sells attire to the general public, makes attire available to Hollerbach's employees at no cost, and offers additional attire for purchase to Hollerbach's employees at a price

discounted from the retail sales price. The rest and remainder of the allegations of this paragraph of the Complaint are denied.

32.  Denied.

33.  Denied.

34.  Denied.

35.  Admitted.

36.  Admitted.

37.  Denied.

  a.  Denied;

  b.  Denied;

  c.  Denied;

  d.  Denied;

  e.  Denied; and

  f.  Denied.

38.  Denied.

  a.  Denied;

  b.  Denied;

  c.  Denied;

  d.  Denied;

  e.  Denied; and

    f.  Denied.

39.    Denied.

    a.  Denied;

    b.  Denied;

    c.  Denied;

    d.  Denied;

    e.  Denied; and

    f.  Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## FMWA REQUIREMENTS

45.    The published Florida minimum wage rates and Florida tip credit minimum wage rates for employers during the relevant time period speak for themselves and all allegations inconsistent therewith are denied.  Otherwise, denied.

46.    The referenced Article of the Florida Constitution speaks for itself and all allegations inconsistent therewith are denied. Otherwise, denied.

47.    The referenced Article of the Florida Constitution speaks for itself and all allegations inconsistent therewith are denied. Otherwise, denied.

48.    The referenced Article of the Florida Constitution speaks for itself and all allegations inconsistent therewith are denied. Otherwise, denied.

49.    The referenced Article of the Florida Constitution speaks for itself and all allegations inconsistent therewith are denied. Otherwise, denied.

50.    The FMWA speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced Florida Statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

## FLSA TIP CREDIT ELIGIBILITY REQUIREMENTS

51.    The published federal minimum wage speaks for itself and all allegations inconsistent therewith are denied.

52.    The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent

7

that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

53.     The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied, including all subparts.

54.     The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

55.     The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute

factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

56.    The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

57.    The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

## FACTUAL ALLEGATIONS OF VIOLATIONS

58.    Denied.

59.    Admitted.

9

60.    Denied.

61.    Admitted.

62.    Admitted.

63.    It is admitted that Hollerbach's employed "expos." The rest and remainder of allegations of this paragraph of the Complaint are denied.

64.    Denied.

65.    The Employee Handbook speaks for itself and all allegations inconsistent therewith are denied. Otherwise, denied.

66.    Denied.

67.    Denied.

68.    Admitted.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Dened.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

## WILLFULNESS

83.    Denied:

    a.  Denied;

    b.  Denied;

    c.  Denied;

    d.  Denied.

## RULE 23 CLASS ALLEGATIONS

84.    The referenced Federal Rule of Civil Procedure speaks for itself and all allegations inconsistent therewith are denied. Otherwise; denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

11

91.    Denied.

92.    Denied.

93.    Denied, including all subparts:

 a.  Denied.

 b.  Denied.

 c.  Denied.

 d.  Denied.

 e.  Denied.

 f.  Denied.

 g.  Denied.

 h.  Denied.

 i.  Denied.

 j.  Denied.

 k.  Denied.

94.    Denied, including all subparts:

 a.  Denied.

 b.  Denied.

 c.  Denied.

 d.  Denied.

 e.  Denied.

95.    Denied, including all subparts:

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied, including all subparts:

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

    g.  Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

103. Denied.

104. Denied.

105. Denied.

### COUNT I – FLSA COLLECTIVE ACTION

### VIOLATION OF FLSA, 29 U.S.C. §§ 203(m)(2)(B), 206 and 215(a)(2)

### IMPROPER TIP POOL AND UNLAWFUL UNIFORM DEDUCTIONS

106. Defendants, incorporate and reallege their responses to paragraphs 1 through 44, 51 to 83, and 103 to 105 above as if set forth fully herein.

107. Denied.

108. Denied.

109. Denied.

110. The referenced federal statute speaks for itself and all allegations inconsistent therewith are denied. The terms and effect of the referenced federal statute constitute determinations of fact and law to be made by the trier of fact and law. As such the allegations of this paragraph of the Complaint do not constitute factual allegations which can be either admitted or denied. However, to the extent that this paragraph of the Complaint is interpreted as requiring either an admission or denial, denied.

111. Denied.

112. Denied.

14

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

WHEREFORE, Defendants respectfully requests that the Court: (a) dismiss the Class Action Complaint for Damages with prejudice and the Plaintiffs take nothing thereby; (b) deny Plaintiffs' demands and prayers for relief as stated in the Class Action Complaint for Damages; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other relief as the Court deems just and proper.

## COUNT II – FLSA COLLECTIVE ACTION

## VIOLATION OF FLSA, 29 U.S.C. §§ 206 and 215(a)(2)

## FAILURE TO PROVIDE NOTICE OF TIP CREDIT

117.    Defendants, incorporate and reallege their responses to paragraphs 1 through 44, 51 to 61, 81 to 83, and 103 to 105 above as if set forth fully herein.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123. Denied.

124. Denied.

WHEREFORE, Defendants respectfully requests that the Court: (a) dismiss the Class Action Complaint for Damages with prejudice and the Plaintiffs take nothing thereby; (b) deny Plaintiffs' demands and prayers for relief as stated in the Class Action Complaint for Damages; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other relief as the Court deems just and proper.

## COUNT III – FMWA CLASS CLAIM

## FMWA VIOLATION – FLA. CONST. ART. X, §24 AND FLA. STAT. §448.110

## IMPROPER TIP POOL AND UNLAWFUL UNIFORM DEDUCTIONS

125. Defendants, incorporate and reallege their responses to paragraphs 1 through 102 above as if set forth fully herein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133.   Denied.

WHEREFORE, Defendants respectfully requests that the Court: (a) dismiss the Class Action Complaint for Damages with prejudice and the Plaintiffs take nothing thereby; (b) deny Plaintiffs' demands and prayers for relief as stated in the Class Action Complaint for Damages; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other relief as the Court deems just and proper.

## COUNT IV – FMWA CLASS CLAIM

## FMWA VIOLATION – FLA. CONST. ART. X, §24 AND FLA. STAT. §448.110

## INADEQUATE TIP CREDIT NOTICE

134.   Defendants, incorporate and reallege their responses to paragraphs 1 through 61 and 81 to 102, above as if set forth fully herein.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

17

WHEREFORE, Defendants respectfully requests that the Court: (a) dismiss the Class Action Complaint for Damages with prejudice and the Plaintiffs take nothing thereby; (b) deny Plaintiffs' demands and prayers for relief as stated in the Class Action Complaint for Damages; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other relief as the Court deems just and proper.

## COUNT V

## RETALIATION IN VIOLATION OF FLSA, 29 U.S.C. § 215(a)(3) AND THE FMWA ON BEHALF OF PLAINTIFF ZACHMAN, INDIVIDUALLY

142. Defendants, incorporate and reallege their responses to paragraphs 1 through 83, above as if set forth fully herein.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

18

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

WHEREFORE, Defendants respectfully requests that the Court: (a) dismiss the Class Action Complaint for Damages with prejudice and the Plaintiffs take nothing thereby; (b) deny Plaintiffs' demands and prayers for relief as stated in the Class Action Complaint for Damages; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.      Defendants are not subject to the Fair Labor Standards Act 29 U.S.C.A. section 201 *et. Seq.* (FLSA) or the Florida Minimum Wage Act ("FMWA") because Defendant was not, and is not now, an "enterprise engaged in commerce or the production of goods for commerce" as defined under the Fair Labor Standards Act 29 U.S.C.A. section 201 *et. Seq.* ("FLSA").

2.      Defendants are not subject to the FLSA or the FMWA because Plaintiffs were not employees engaged in commerce or the production of goods for commerce.

19

3.     Plaintiffs' claims are barred in whole or in part by the Portal-to-Portal Act, including but not necessarily limited to Sections 10 and 11 thereof, and Fla. Stat. 448.110 et. seq., because all actions taken in connection with the Plaintiffs' compensation were done in "good faith" and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the U.S. Department of Labor.

4.     Plaintiffs are not entitled to liquidated damages, since at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that Defendants did not violate the provisions of FLSA or the FMWA.

5.     Each of Plaintiffs' claims fail to allege sufficient facts or state a cause of action upon which relief may be granted.

6.     The Plaintiffs' claims are not representative of a class of similarly related employees so that this action cannot be properly brought as a collective action under the FLSA or FMWA.

7.     This action cannot be maintained as a collective or class action because the allegations, facts and defenses relating to Plaintiffs will not support a collective or class action.

8.      This action cannot be maintained as a collective or class action because, during the respective named Plaintiffs' employment, each   was not similarly situated to any other employee and there is no commonality between the respective Plaintiff's circumstances, individually or collectively, and those of any other employee of Defendant, HOLLBERBACH'S.

9.      This action cannot be maintained as a collective or class action because neither of the named Plaintiffs and/or their counsel are adequate representatives for the proposed collective and class action.

10.     This action cannot be maintained as a collective or class action because each named Plaintiff has failed to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the FLSA.

11.     Any damages that each named Plaintiff could recover must be eliminated or reduced by their respective failure to mitigate damages.

12.     Defendants are entitled to set off against any award for the amounts already paid to any Plaintiff to which such Plaintiff was not entitled.

13.     Defendants have no knowledge of, nor should Defendants have had knowledge of, any alleged uncompensated work by the Plaintiff(s) as alleged in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff(s).

21

14. The Complaint, and each purported cause of action alleged therein, is barred, or the damages flowing therefrom reduced, because Plaintiff(s) failed to notify Defendants of the alleged violations at the time such violations allegedly occurred, which prevent Defendants from taking any action to remedy such violation.

15. At all times, Defendants' actions were lawful, justified and made in good faith and in full compliance with the FLSA and all applicable state laws.

16. Each and every cause of action contained in the Complaint is barred because the Defendants have not breached any obligation that Defendants may have had with Plaintiffs.

17. All or part of Plaintiffs' claims are barred as a result of payments having been made to Plaintiffs.

18. Plaintiffs have not complied with statutory conditions precedent and administrative requirements, as necessary, prior to filing this action.

19. All or part of Plaintiffs' claims are barred as a result of Plaintiffs' failure to satisfy conditions precedent to asserting their claims, and all conditions precedent and necessary to recovery.

20. All or part of Plaintiffs' claims are barred, in whole or in part, by one or more equitable doctrines, including accord and satisfaction, waiver, release, estoppel, laches, ratification, acquiescence, and unclean hands.

21.     Plaintiffs' claims are barred in whole or in part due to her failure to properly perform.

22.     Some or all of the purported claims in the Complaint are barred because the time for which compensation is sought is de minimis, and therefore not compensable.

23.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

24.     Defendants, Christina Hollerbach, Theo Hollerbach, and Linda Hollerbach, deny being Plaintiffs' employer, notwithstanding that, at all times Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FMWA.

25.     Defendants, Christina Hollerbach, Theo Hollerbach, and Linda Hollerbach, deny being Plaintiffs' employer, notwithstanding that, Defendants did not know or show reckless disregard for whether their conduct was prohibited by FMWA.

26.     This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e., "hours worked".

27.     This action is barred to the extent Plaintiffs' failure to fully report all tips and cash earnings to HOLLERBACH's.

28.     Some or all of Plaintiffs claims are barred by accord and satisfaction, settlement and/or payment and release.

29.     Defendants, Christina Hollerbach, Theo Hollerbach, and Linda Hollerbach, cannot be held personally liable for the claims asserted by the Plaintiff. Each of the individual Defendants, Christina Hollerbach, Theo Hollerbach, and Linda Hollerbach, is not an employer within the meaning of the FMWA because, including but not limited to, Defendants, Christina Hollerbach, Theo Hollerbach, and Linda Hollerbach did not have the requisite operational control of the corporation's enterprise.

30.     Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery in this action and expressly reserves the right to amend his Answer to assert any such additional affirmative defenses.

Respectfully submitted by,
**/s/ MICHAEL E. LONG**
Michael E. Long, Esq.
Florida Bar No. 309620
BREWERLONG, PLLC
407 Wekiva Springs Rd Ste 241
Longwood, Florida 32779
Tel.: (407) 660-2964
Fax: (407) 660-4439
Email: mlong@brewerlong.com
         taylor@brewerlong.com
*Attorney for Defendants*

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March 2025, I electronically filed the foregoing with the Clerk of the Court by using the Florida e-Portal, which will electronically serve a copy to counsel of record.

Respectfully submitted by,

**/s/ MICHAEL E. LONG**
Michael E. Long, Esq.
Florida Bar No. 309620
BREWERLONG, PLLC
407 Wekiva Springs Rd Ste 241
Longwood, Florida 32779
Tel.: (407) 660-2964
Fax: (407) 660-4439
Email: mlong@brewerlong.com
       taylor@brewerlong.com
*Attorney for Defendants*

25